IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00301-MR

| | |
|---|---|
| BARBARA RADFORD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MARTIN O'MALLEY,[1] ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before this Court on Plaintiff's appeal of the Commissioner's decision denying her social security benefits. The parties have fully briefed this issue. [See Docs. 6; 9; 10].

I. **PROCEDURAL HISTORY**

On June 22, 2018, Barbara Radford ("Plaintiff") filed an application for a period of disability benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). [Transcript ("T.") at 17]. She alleges an onset date of August 4, 2013. [Id.]. Her claims were initially denied on December 5, 2018, and were denied upon reconsideration on

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is hereby substituted for Kilolo Kijakazi as the defendant in this action.

January 15, 2019. [Id. at 260]. At Plaintiff's request, a hearing was held before an Administrative Law Judge (the "ALJ") on November 21, 2019. [Id.]. The ALJ issued a written decision on April 8, 2020, denying Plaintiff benefits. [Id. at 283]. On October 28, 2020, the Appeals Council granted Plaintiff's request for review and remanded to the ALJ. [Id. at 291]. A second hearing was held before the ALJ on October 29, 2021, and the ALJ issued another written decision denying Plaintiff benefits on December 13, 2021. [Id. at 17]. On October 12, 2022, the Appeals Council again granted Plaintiff's request for review and remanded to the ALJ. [Id. at 330]. A third hearing was held before the ALJ on April 20, 2023, and the ALJ issued another written decision denying Plaintiff benefits on May 22, 2023. [Id. at 17, 39]. The Appeals Council denied Plaintiff's request to review the third decision of the ALJ on August 22, 2023, thereby making it the final decision of the Commissioner. [Id. at 1]. Plaintiff has now exhausted all administrative remedies and this case is ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907

2

F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [this Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," this Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734

3

F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-00025-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995)

4

(citation omitted).  The burden is on the claimant to make the requisite showing at the first four steps.  Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant.  Id. (citing 20 C.F.R. § 416.920).  If not, the case progresses to step two, where the claimant must show a severe impairment.  If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established, and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. § 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education, or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's

ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c), 404.943(c), 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, August 4, 2013. [T. at 19]. At

6

step two, the ALJ found that from her alleged onset date Plaintiff had suffered severe impairments, including spine disorder, Chiari malformation, migraines, depression, anxiety, and post-traumatic stress disorder (PTSD).[2] [Id.]. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the Listings. [Id. at 20]. The ALJ then determined that between her alleged onset date and the date of the ALJ's decision that Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, stoop, crouch, kneel, or crawl; frequent bilateral overhead reaching; work is limited to simple, routine, and repetitive tasks, performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, and with few, if any, work place changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two-hour blocks of time with normal rest breaks during an eight-hour work day; with no interaction with the public.

[Id. at 22-23].

---

[2] The ALJ further noted that Plaintiff had also suffered from non-severe impairments, including kidney disease, gastroesophageal reflux disease (GERD), and heart disease with a history of tachycardia. [T. at 20].

At step four, the ALJ identified Plaintiff's past relevant work as a 911 dispatcher. [Id. at 38]. However, the ALJ observed that Plaintiff is "unable to perform past relevant work as actually or generally performed." [Id.]. At step five, based on the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including clothing stock sorter, router, and garment sorter. [Id. at 38-39]. The ALJ therefore concluded that Plaintiff was not "disabled" as defined by the Act from her alleged onset date, August 4, 2013, through the date of his decision, May 22, 2023. [Id. at 39].

## V.    DISCUSSION[3]

As her sole contention on appeal, Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence submitted by two of her physicians, Drs. Michael Rosner and Michael Brown. [See Doc. 6 at 3-8].

In evaluating medical opinion evidence, an ALJ is required to consider and articulate in his decision how persuasive he finds each medical opinion. See 20 C.F.R. § 416.920(c)(b). In deciding the persuasive value of a medical opinion, an ALJ considers how well the opinion is supported by "objective

---

[3] Rather than set forth a separate summary of the facts, this Court has incorporated the relevant facts into its legal analysis.

medical evidence and supporting explanations"; how consistent the opinion is with "evidence from other medical sources and nonmedical sources"; the provider's "[r]elationship with the claimant[,]" including the "length of the treatment relationship[,]" the "frequency of examinations[,]" the "purpose of the treatment relationship[,]" the "extent of the treatment relationship[,]" and the "examining relationship"; the provider's specialization; and "other factors[,]" including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." See id. § 416.920(c)(c)(1)-(5). Of these factors, "supportability" and "consistency" are the "most important." Id. at § 416.920(c)(b)(2). Therefore, an ALJ is required to explain in his decision how he considered these two factors. Id.

Plaintiff argues that the ALJ erred in evaluating the opinions of Drs. Rosner and Brown because he "cherry-picked" the facts to discount their opinions regarding Plaintiff's ability to concentrate and failed to reconcile the evidence of her pain to his conclusions. [See Doc. 6 at 6]. However, in her initial brief, Plaintiff entirely fails to cite *any* specific evidence that she believes the ALJ failed to consider or cite. [See generally id.].

In her Reply to the Commissioner's brief, Plaintiff contends that the ALJ failed to account for portions of Dr. Brown's records stating that she had

a slowed gait, walked with a cane, and had a decreased range of motion. [See Doc. 10 at 2-3]. However, the ALJ *expressly* explained in his decision that he discounted these findings because they were inconsistent with some of Dr. Brown's own findings and the contemporaneous findings of other providers, which noted Plaintiff had no difficulty with movement and did not require the use of a cane. [See T. at 26-27, 34].

Plaintiff further argues that the ALJ failed to account for portions of Dr. Brown's records indicating that she had reported to him that she experienced pain throughout her body. [See Doc. 10 at 2-3]. However, as the ALJ explained, he concluded that while Plaintiff's medication had not eliminated her pain, it controlled it at an optimal and comfortable level. [T. at 34]. Moreover, the ALJ explained that he concluded that Plaintiff's subjective complaints of pain were "not entirely consistent with the medical evidence and other evidence in the record[,]" [id. at 23], because Plaintiff's MRI imaging and X-rays showed that her spinal degeneration was in early stages, mild, and "unremarkable"; her physical exams were "unremarkable"; her treatment had been "essentially routine and/or conservative"; and because the record demonstrated Plaintiff engaged in a broad range of daily activities,

including household tasks, and traveling.[4]  [Id. at 23-34].  Thus, Plaintiff has not demonstrated that the ALJ impermissibly cherry-picked the facts, nor that he failed to reconcile the contrary evidence, in coming to his conclusions regarding the opinions of Drs. Rosner and Brown.[5]

Plaintiff next contends that Drs. Rosner and Brown opined that her pain, not her mental impairments, caused her concentration limitations and, thus, that the ALJ improperly "dismissed [their] opinion[s] of problems with attention and concentration based on a lack of abnormal mental status findings or neurological findings."  [Doc. 6 at 7].  However, contrary to Plaintiff's argument, Dr. Rosner expressly concluded that Plaintiff would suffer from concentration issues because of her "*neurological symptoms*," not because of her pain.  [T. at 3615 (emphasis added)].  Thus, in evaluating the evidence before him, the ALJ correctly identified that Dr. Rosner's opinion purported to be based upon Plaintiff's neurological symptoms.

---

[4] Plaintiff also argues "that the ALJ was looking for objective evidence of pain itself contrary to long-standing, binding 4th Circuit law."  [Doc. 6 at 7].  However, there is simply no indication in the ALJ's decision that he concluded that she was not disabled solely because she had failed to present objective evidence of her pain.  Rather, the ALJ merely noted—as one piece of evidence—that the mild nature of Plaintiff's physical impairments suggested that her subjective complaints regarding the extent of her pain were not fully consistent with the record.

[5] Plaintiff fails to identify any specific portions of the evidence provided by Dr. Rosner that she believes the ALJ cherry-picked or failed to reconcile.

11

Accordingly, he in no way erred by relying on the neurological evidence of record in discounting Dr. Rosner's opinion.

Additionally, while Dr. Brown opined that Plaintiff's ability to concentrate would be limited "due to the pain from her spinal condition and left knee condition," [id. at 2894], the ALJ explained that this conclusion is "not supported by [Dr. Brown's] own exam findings or the objective findings of other treating providers." [Id. at 33]. Specifically, the ALJ explained that Dr. Brown's notes indicated that Plaintiff had obtained optimal relief with pain medication. [Id.]. He also explained that the records of other providers demonstrated that Plaintiff's physical degeneration was relatively mild, that at times she reported only mild to moderate pain, that the findings of her physical examinations were unremarkable, and that she continued to engage in a broad range of daily activities. [Id. at 23-34]. Moreover, the ALJ cited multiple reports from Plaintiff's providers in which they stated that her ability to concentrate was normal, that she had not reported poor concentration during examinations, and that she could perform calculations, solve puzzles, and manage her own affairs. [Id.]. Thus, the ALJ explicitly explained in his decision why he concluded that Plaintiff's pain had not impaired her ability to concentrate to the extent that Dr. Brown opined.

Lastly, Plaintiff states that the ALJ failed to consider the "consistency" of the opinions of Drs. Rosner and Brown. [Doc. 6 at 8]. However, Plaintiff makes *no* argument in support of this statement in her initial brief. [See generally Doc. 6]. Even still, this Court has reviewed the ALJ's decision and concludes that he *expressly* explained in his decision how and why he determined that the opinions of Drs. Rosner and Brown were inconsistent with the findings of Plaintiff's other providers and the longitudinal record.[6] [T. at 32-34]. Therefore, to the extent that Plaintiff properly raised this issue, it is without merit.

## VI. CONCLUSION

At bottom, Plaintiff's arguments amount to little more than a thinly veiled request that this Court reweigh the evidence that the ALJ expressly considered and discounted in coming to his conclusion that Plaintiff is not disabled. However, this Court may not simply "substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. Rather, where the ALJ explains why he found certain evidence persuasive and explains why he discounted

---

[6] In her Reply to the Commissioner's brief, Plaintiff argues that the ALJ failed to explain that the opinions of Drs. Rosner and Brown were consistent with each other. [Doc. 10 at 5]. However, as Plaintiff concedes, ALJs do not labor under the impossible obligation of referencing every piece of evidence in the record. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). Nor can they be expected to explain how every piece of evidence in a more than 6,000-page record supports, or is consistent with, every opinion offered.

13

Case 1:23-cv-00301-MR   Document 11   Filed 04/18/24   Page 13 of 14

other evidence, and then explains the conclusion he reaches based on an application of the pertinent legal requirements to the evidence, this Court must defer to the ALJ. Radford, 734 F.3d at 295. Thus, because "[t]he ALJ applied the correct legal standards in evaluating [Plaintiff]'s claim for benefits, and [because] the ALJ's factual findings are supported by substantial evidence[,]" the decision of the ALJ is affirmed. Crocker v. Comm'r of Soc. Sec., No. 22-1306, 2023 WL 4676855, at *1 (4th Cir. July 21, 2023).

## ORDER

**IT IS, THEREFORE, ORDERED** that, pursuant to the power of this Court to enter judgment affirming, modifying, or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is hereby **AFFIRMED** and the case is hereby **DISMISSED.** A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: April 17, 2024

Martin Reidinger
Chief United States District Judge